[No. 30495. *En Banc.* May 6, 1948.]

WEYERHAEUSER SALES COMPANY, *Appellant*, v. THE STATE TAX COMMISSION *et al.*, *Respondents*.[1]

*Briggs, Gilbert, Morton, Kyle & Macartney, Macbride & Matthews,* and *Thomas J. Hanify,* for appellant.

*The Attorney General* and *Max Kaminoff, Assistant,* for respondents.

PER CURIAM.—Plaintiff instituted this action for the purpose of restraining the state tax commission from collecting the sum of $8,187.43 as taxes levied under authority of Rem. Supp. 1943, § 8370-4 [P.P.C. § 965-1]. Plaintiff also asked to have defendant restrained from collecting other taxes of the same nature.

The pertinent portions of the complaint contained the following allegations: Plaintiff is a corporation existing under and by virtue of the laws of the state of Washington, and is engaged in the business of selling lumber and lumber products in this and other states. In the course of its business, and during the period May 1, 1945, to December 31, 1946, it sold pine lumber owned by it in Oregon and Idaho to purchasers in the state of Washington.

In each of the sales of pine lumber, a contract was made between plaintiff and the purchaser within the state of Washington for the sale of pine lumber manufactured in the state of Oregon or in the state of Idaho. In each case, title to the lumber passed to the purchaser at the point of delivery to the carrier, in the state of Oregon, or in the state of Idaho. The lumber was transferred by the carrier from the place of delivery, directly to the purchaser's place of business. The plaintiff has never carried on any manufacturing operations either within or without

[1]Reported in 192 P. (2d) 979.

the state of Washington, and has never maintained any stock of pine lumber in this state.

The tax commission demurred to the complaint on the ground that the complaint did not state a cause of action. The trial court sustained the demurrer. Plaintiff elected not to plead further, and the court dismissed the action. Plaintiff then appealed.

The assignments of error are sufficient to properly question the action of the trial court.

The tax here involved is the Washington state business and occupation tax, Rem. Supp. 1943, § 8370-4 *et seq.*, which, so far as this case is concerned, imposes a tax upon those making sales at wholesale, at the rate of one quarter of one per cent of the gross sales proceeds.

The issues involved here are the same as in *Columbia Steel Co. v. State, ante* p. 658, filed this day. Based upon the conclusions reached in that case, we reverse the judgment rendered herein, with instruction to overrule the demurrer interposed by the state tax commission.

HILL, J. (dissenting)—I dissent for the same reason as in the companion case of *Columbia Steel Co. v. State.*

MALLERY, C. J., concurs with HILL, J.